# Exhibit 1

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/25/2025 at 04:15:55 PM
By: Chan Huang,
Deputy Clerk

HESS • BOWER • ADAMS-HESS, PC
Nicole S. Adams-Hess (SBN 286632)
Alexander E. Schwartz (SBN 339776)
2105 South Bascom Avenue, Suite 200
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250
nadamshess@hbalawgroup.com
aschwartz@hbalawgroup.com

Attorneys for Plaintiff,
FRED HSU

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**(Unlimited Civil Jurisdiction)**

| | |
|---|---|
| FRED HSU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AXIS SPECIALTY EUROPE SE, and DOES 1 through 50, inclusive<br><br>Defendants. | **Case No.** 25CV116803<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT; and**<br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW PLAINTIFF FRED HSU ("HSU"), by and through his attorneys, and alleges herein as follows:

///

///

///

1. Insurers must give their insureds complete and accurate copies of their policies. It is fundamentally unfair and wrong for an insurer to hide an exclusion from its insured, allow its insured to conduct its business without knowledge of this exclusion, and then when an issue arises, introduce an endorsement not attached to the policy and seemingly out of thin air which it purports applies to the suit. This tactic, combined with taking positions directly contrary to California law regarding interpretation and forfeiture and threatening to drag its insured to a foreign court if the insured further asserted his right to coverage, violates fundamental California law and public policy protecting its citizens. Plaintiff files this suit to obtain the benefits he was entitled to under the policies of insurance issued by Defendants and be compensated for the harm he suffered as a result of Defendants' wrongful conduct.

## I. THE PARTIES

2. Plaintiff Fred Hsu is a natural person, that at all relevant times, resided in the State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant AXIS SPECIALTY EUROPE SE ("AXIS") is, and at all times mentioned herein, was, an insurance company, licensed to sell insurance, and in the business of issuing and underwriting liability insurance policies in the State of California, County of Alameda, including, but not limited to, the policies providing insurance to Plaintiff.

## II. JURIDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Some or all of agreements that are the subject of this dispute were made and entered into within the County of Alameda, State of California. Defendant AXIS issued a policy to named insureds, Mobile Gaming Technologies, Inc. ("MGT") and Cash Bet Alderney Limited ("Cash Bet"), entities whose headquarters were both in Oakland, Alameda County, California. Defendant breached the contract at issue and violated its duty of good faith and fair dealing by failing to defend and indemnify Plaintiff for several lawsuits, all of which were filed in California state or federal courts. The amount in controversy exceeds the jurisdictional minimum of this Court.

5. Venue is proper in Alameda County pursuant to California Code of Civil Procedure § 395 because a substantial part of the events or omissions giving rise to the claim occurred in this County and the Plaintiff resides in Alameda County. This lawsuit arises out of the breach of obligations under the policy issued to the Alameda-based entities (MGT and Cash Bet), which were owed in Alameda County. At all relevant times herein, Defendant AXIS was an insurer doing business throughout the State of California, including the County of Alameda, State of California. Defendant AXIS issued the relevant policies of insurance to Plaintiff within the State of California, County of Alameda.

## III. GENERAL ALLEGATIONS

6. Mr. Hsu seeks damages for breach of insurance contract and for breach of the implied covenant of good faith and fair dealing arising under a certain policy or policies of insurance issued by AXIS to MGT and Cash Bet (the "Policies"). Mr. Hsu was an insured under the Policies, and entitled to a defense and indemnity coverage, because he was a Director of MGT at all relevant times.

7. The Policies included Directors and Officers Liability Insurance, with effective policy dates of January 8, 2018 to January 8, 2019. The Policies obligated AXIS to indemnify its insureds for loss arising from a claim first made during the policy period or claims arising from the same originating cause or source. This includes indemnity payments for settlement or judgment and defense costs, which were to be advanced and timely reimbursed by AXIS.

8. The Policies provided coverage for claims alleging a wrongful act, which would include any actual or alleged act, error or omission, breach of duty, breach of trust, misstatement, misleading statement or breach of warranty of authority by an **Insured Person** in their capacity as an insured person; securities claims; and employment practices violations.

## UNDERLYING LITIGATION

9. On or around December 18, 2018, Nirvana Capital Limited and Winslow Strong filed suit against MGT, Fred Hsu, Mike Reaves, and George Weinberg in the Northern District of California (the "Nirvana Suit"). The Nirvana Suit alleged that the defendants in that action, including Mr. Hsu, misrepresented how many active customers MGT had, misrepresented facts

relating to CashBet Coins (alleged to be a kind of casino chip for online-gaming) such as its price and its ability to be used on other platforms, and that Nirvana Capital Limited could serve as an advisor to MGT, among other allegations.

10. On or around January 7, 2019, Daniel Edwards filed suit against MGT, Ed Brennan, and Fred Hsu in the Alameda County Superior Court (the “Edwards Suit”). The Edwards suit contained causes of action for Violation of California Labor Code section 1102.5, wrongful termination in violation of public policy, intentional infliction of emotional distress, breach of contract, statutory waiting time penalties, breach of fiduciary duties, and unfair business practices. The Edwards Suit alleged that the defendants in that action made acts, errors, or omission with regards to Mr. Edwards employment that caused him harm, including a hostile work environment, misrepresentation as to Mr. Edward’s position and pay, and retaliation against Mr. Edwards. The Edwards suit additionally alleged that the directors of MGT allowed MGT’s CEO to harm the business and Mr. Edwards, including his investments/loans to MGT to keep it operating. The Edwards suit also alleged that MGT misrepresented the CashBet Coins.

11. On or around May 1, 2019, Newstyle Capital Investment Management (Hong Kong) Limited filed suit against MGT, Fred Hsu, Michael Reaves, George Weinberg, and Yinchao Wang in the Alameda County Superior Court (the “Newstyle Suit”). The Newstyle Suit alleged that misrepresentations were made regarding the offering of Cash Bet Coins.

12. On or around October 31, 2022, suit was filed by Sean Axani and others against MGT, Fred Hsu, and others in the Santa Clara County Superior Court (the “Axani Suit”). The Axani Suit alleged wrongful acts, errors, and omissions by Mr. Hsu as a director of MGT, including misrepresentations about the number of players using MGT, the profitability of MGT, and facts concerning Cash Bet Coins.

13. The Nirvana Suit, the Edwards Suit, the Newstyle Suit, and the Axani Suit will collectively be referred to as the “Underlying Actions”.

14. After the Nirvana Suit and Edwards Suit were timely tendered to AXIS, AXIS issued a letter on May 2, 2019 denying coverage to MGT and Mr. Hsu. AXIS acknowledged

that the insuring agreement was satisfied as there were claims made against insured persons (including Mr. Hsu) for wrongful acts in their capacities as directors and officers. Nonetheless, AXIS denied coverage based on an "ICO Exclusion", purportedly added to the Policy via Endorsement. AXIS claimed that this ICO Exclusion states, "**Insurers** shall not be liable to make any payment in connection with any **Claim** based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving, either directly or indirectly, any Initial Coin Offering or any further Initial Coin Offering."

15. AXIS further asserted that "an 'Initial Coin Offering' shall mean '[c]laims arising out of, based upon or attributable to any initial coin offerings, digital coin or token sales (regardless of whether such digital coin or token sales represent an offering of securities by the Company, as determined by the Securities Exchange Commission or the equivalent Regulatory Authority outside of the United States of America) that is undertaken or occurs during the Policy Period." Despite its denial relying on this sole exclusion, AXIS did not provide a copy of it or of the language to the insured in this letter.

16. AXIS claimed that the sale of Cash Bet Coins was an Initial Coin Offering and that both the Nirvana Suit and Edwards Suit made allegations related to misrepresentation of the Cash Bet Coins.

17. In fact, the insured had never received a copy of this Endorsement and had not known that the Policies would have this exclusion. Upon information and belief, the Policies were not actually issued with this Endorsement or if they were, this Endorsement was never provided to the insureds nor were the insureds notified of the existence of this Endorsement.

18. Furthermore, AXIS misinterpreted the wording of the exclusion in order to wrongfully deny coverage to Plaintiff and others under the exclusion. The Exclusion does not define "Initial Coin Offering" or a "further Initial Coin Offering." The Exclusion then provides a definition of "ICO", a term used only in the title of the Exclusion but nowhere in its actual terms. Furthermore, the definition of ICO is vague, ambiguous, and confusing and does not clearly apply to any of the allegations in the Nirvana Suit or the Edwards Suit. Most importantly, AXIS ignored the fact that there were additional allegations in both the Nirvana Suit and the Edwards

Suit that were unrelated to sale of Cash Bet Coins. This point about additional allegations was made to AXIS, but it refused to reconsider its coverage position.

19. On April 11, 2024, Mr. Hsu's coverage counsel wrote to AXIS to explain why it was obligated to provide coverage under the Policies to Mr. Hsu and MGT for both the Edwards Suit and Nirvana Suit, as well as the Newstyle Suit and Axani Suit. On July 19, 2024, AXIS wrongfully maintained its denial, insisting that English law applied despite MGT and Mr. Hsu having no ties to England and AXIS being a European Public Liability Company (aka Societas Europaea) incorporated in Ireland and which, according to the UK Government's website, only registered in England on December 5, 2022. The application of English law was also contrary to fundamental California law as it resulted in an unreasonably broad interpretation of an exclusion that would result in a forfeiture of coverage for insureds based on unproven allegations and the form of the pleading.

20. AXIS also confirmed that although it had not investigated the Newstyle Suit or the Axani Suit, it was similarly denying coverage for those actions on the basis of its purported ICO Exclusion.

21. Based on AXIS' denial, the Mr. Hsu was forced to fund the defense entirely on his own and to settle the Underlying Actions out-of-pocket, as he was not reimbursed by MGT due to its insolvency. All Underlying Actions have been settled and dismissed.

## **FIRST CAUSE OF ACTION**

**(Breach of Contract)**

22. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. For valuable consideration, Defendants delivered a contract of insurance to MGT and Cash Bet, which included its directors and officers such as Plaintiff.

24. Plaintiff, at all times herein mentioned, has performed all of the terms and conditions of the policies on its part to be performed, including, but not limed to, paying substantial premiums to Defendants to maintain the relevant policies in force with the understanding that it provided coverage for the types of allegations made within the Underlying

Actions. Plaintiff has complied with all obligations under the policies and California law. Plaintiff intended and expected to be assured the peace of mind and financial security of having insurance in the event of a claims potentially covered under the policies.

25. Defendants owed, at least, contractual duties to Plaintiff based on the terms of the policies.

26. In the County of Alameda, State of California, Defendants breached the terms of the policies by failing to defend and denying any coverage to Plaintiff.

27. Defendants breached the policies by the following acts in violation thereof:

a. Failing and refusing to make a reasonable, prompt and adequate investigation of Plaintiff's request for coverage in connection with the Underlying Actions;

b. Handling the claim of Plaintiff in an unfair manner;

c. Failing to acknowledge and act reasonably promptly upon communications from Plaintiff with respect to claims arising under the policies;

d. Failing and refusing to adopt, implement, or follow reasonable standards for the reasonable and adequate investigation and processing of claims arising under the policies;

e. Failing to provide promptly a reasonable explanation to Plaintiff of the basis relied on in the insurance policy, in relation to the facts or applicable law, for failing to confirm coverage or pay Plaintiff's claim;

f. Failing and refusing to consider Plaintiff's interests equal to Defendants' own interests;

g. Resolving ambiguities in the policies in Defendants' favor;

h. Requiring Plaintiff to retain and pay for attorneys in an effort to obtain the benefits due under the policies, requiring him to file an action to obtain coverage owed, and requiring him to incur attorneys' fees and other expenses to obtain benefits under the policies to which Plaintiff was always entitled;

i. Making, issuing, circulating and disseminating before the public in this State, certain false and misleading statements, assertions, and representations about its policies and

coverage, which Defendants knew, or in the exercise of reasonable care, should have known, were untrue and/or misleading;

j. Misrepresenting to Plaintiff pertinent facts, law and/or policy provisions in connection with the wrongful denial of coverage and/or the issuance of the policies; and

28. By the above and other conduct, violating the California Insurance Code and regulations issued by the California Department of Insurance.

29. As a direct and proximate result of Defendants' conduct, acts, errors and omissions as herein alleged, and Defendants' breaches of the policies, Plaintiff has been damaged in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing)**

30. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all times herein relevant, Defendants agreed to act in good faith and deal fairly with Plaintiff when it entered into the policies of insurance alleged herein and accepted payment of premium from Plaintiff. Defendants thereby assumed obligations of good faith and fair dealing toward Plaintiff and thereby agreed to abide by such obligations. Nevertheless, Defendants failed and refused to act in good faith and deal fairly with Plaintiff, and otherwise breached the implied covenants of good faith and fair dealing, as set forth more particularly herein.

32. Defendants further breached their obligations of good faith and fair dealing by failing to defend, failing to indemnify, failing to confirm coverage, failing to inform Plaintiff of the purported existence of the ICO exclusion, failing to respond on whether it had ever provided Plaintiff or the named insureds with copies of the ICO exclusion, failing to investigate the underwriting history of the policy, making material misrepresentations and omissions regarding the policies and the coverage that they provided, and attempting to bully, intimidate, and harass Plaintiff into not pursuing coverage by threatening an action in a foreign jurisdiction and resulting damages for merely asserting Plaintiff's right to coverage, among other wrongful

conduct.

33. As a direct and proximate result of Defendants' conduct, acts, errors and omissions in violation of its obligation of good faith and fair dealing as alleged herein, Plaintiff has been deprived of the coverage to which it is entitled under the Policies, has incurred attorneys' fees and expenses to obtain the benefits to which Plaintiff was always entitled under the Policies, and has sustained damages such as other economic losses and special and general damages in amounts not fully ascertained, but within the unlimited jurisdiction of the Superior Court.

34. Defendants each acted with malice, fraud, and oppression in connection with the conduct alleged in this cause of action, which paragraphs are expressly incorporated herein by reference. In particular, Defendants acted with reckless disregard of the likelihood of causing Plaintiff financial distress, and acted in conscious disregard of the rights of Plaintiff, and acted to further Defendants' own economic interests to Plaintiff's prejudice. Defendants repeated refusal to acknowledge its coverage obligations and its accompanying threat to file an action in a foreign jurisdiction and pursue damages against the insured was made with the intent to intimidate and harass Plaintiff and to discourage Plaintiff from pursuing his rights under the Policies. Defendants further acted with malice, fraud and oppression in that they failed to defend Plaintiff, failed to indemnify Plaintiff, failed to confirm coverage, failed to inform Plaintiff of the purported existence of the ICO exclusion, failed to respond on whether it had ever provided Plaintiff or the named insureds with copies of the ICO exclusion, failed to investigate the underwriting history of the policy, misrepresented the meaning and applicability of the ICO exclusion and the relevant law which applied, made material misrepresentations and omissions regarding the policies and the coverage that they provided, and attempted to bully, intimidate, and harass Plaintiff into not pursuing coverage by threatening an action in a foreign jurisdiction and resulting damages for merely asserting Plaintiff's right to coverage, all of which were designed to deter, confuse, vex, harass and annoy Plaintiff and to further discourage Plaintiff from pursuing his rights.

35. In order to deter such reprehensible and bad faith conduct of Defendants in the

future as alleged herein, and to prevent repetition thereof as a practice, by way of punishment and as example, Plaintiff prays that, pursuant to Civil Code § 3294, punitive damages be awarded in an amount according to proof at trial.

36. WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, FRED HSU prays for judgment against AXIS SPECIALTY EUROPE SE as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION:**

1. For general and special damages according to proof;
2. For interest on said damages at the legal rate, according to proof;
3. For Costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION ONLY:**

1. For all attorneys' fees and expenses, and costs incurred by Plaintiff to obtain the benefits to which Plaintiff was entitled to under the policies of insurance alleged above in an amount according to proof;
2. Emotional Distress Damages; and
3. For punitive or exemplary damages according to proof.

Dated: March 25, 2025

Respectfully submitted,

HESS • BOWER • ADAMS-HESS, PC

By: ______________________________
Nicole S. Adams-Hess, Esq.
Alexander E. Schwartz, Esq.
Attorneys for Plaintiff, FRED HSU

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury with respect to the causes of action and claims for relief in the above-entitled matter.

Dated: March 25, 2025

HESS • BOWER • ADAMS-HESS, PC

By: ______________________________

Nicole S. Adams-Hess, Esq.
Alexander E. Schwartz, Esq.
Attorneys for Plaintiff, FRED HSU